IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:18-cv-485

| | |
|---|---|
| KENNETH HAMPTON, GABRIELLE HARRIS, and ALISA BROGDEN,<br><br>    Plaintiff,<br><br>v.<br><br>KPM LLC, KPM CAROLINAS LLC, KOTARIDES HOLDINGS LLC, HILLANDALE NORTH LLC, 2052 LLC d/b/a CLAIRMONT AT BRIER CREEK, 1752 LLC d/b/a CLAIRMONT AT PERRY CREEK,<br><br>    Defendants. | NOTICE<br>OF REMOVAL<br>(Class Action) |

       Pursuant to 28 U.S.C. §§ 1446 and 1453, Defendants KPM LLC, KPM Carolinas LLC, Kotarides Holdings LLC, Hillandale North LLC, 2052 LLC d/b/a Clairmont at Brier Creek, 1752 LLC d/b/a Clairmont at Perry Creek (collectively, "Defendants") hereby invoke the Court's jurisdiction under 28 U.S.C. §§ 1332 and 1441 and file this Notice of Removal of this action from the Superior Court of Wake County, North Carolina to the District Court of the United States for the Eastern District of North Carolina.

       Defendants state the following grounds for removal:

       1.     On or about July 20, 2018, Plaintiffs filed a class action civil lawsuit against Defendants in the State of North Carolina, Wake County General Court of Justice, Superior Court Division, styled *Kenneth Hampton, Gabrielle Harris and Alisa Brogden v. KPM LLC, KPM Carolinas LLC, Kotarides Holdings LLC, Hillandale North LLC, 2052 LLC d/b/a Clairmont at Brier Creek, 1752 LLC d/b/a Clairmont at Perry Creek*, Case No. 18-CVS-9124 (the "State Action").

2. The state court from which this action was removed (the Superior Court of Wake County) is within this Court's district and division.

3. On September 17, 2018, all Defendants, except Kotarides Holdings LLC, were served with copies of the Summons and Complaint in the State Action. A true and correct copy of the Summons and Complaint served on Defendants in the State Action is attached hereto as <u>Exhibit A</u>, and the service of process documents are attached hereto as <u>Exhibit B</u>.

4. In accordance with 28 U.S.C. § 1446(b), Defendants are filing this Notice of Removal within thirty (30) days of their receipt of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

5. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action by reason of diversity of citizenship and because at least one individual Plaintiff has asserted individual claims which exceed the sum of $75,000.00, exclusive of interest and costs.

6. Furthermore, and in the alternative, pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction over this class action by reason of diversity of citizenship and the amount in controversy exceeding the sum of $5,000,000.00, exclusive of interest and costs.

7. Plaintiffs are all citizens of North Carolina, as shown by:

a. Plaintiff Kenneth Hampton is, upon information and belief, a citizen and resident of Wake County, North Carolina, (Complaint, ¶ 8);

b. Plaintiff Gabrielle Harris is, upon information and belief, a citizen and resident of Wake County, North Carolina, (Complaint, ¶ 9);

c. Plaintiff Alisa Brogden is, upon information and belief, a citizen and resident of Wake County, North Carolina (Complaint, ¶ 10).

8. The citizenship of a limited liability company "is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). Accordingly, Defendants are all citizens of Virginia, as shown by:

   a. Defendant KPM LLC is a limited liability company organized under the laws of the state of Virginia. The sole member of KPM LLC is Kotarides Holdings LLC. (Declaration of Debbie Large, ¶ 3, attached as <u>Exhibit C</u>. ("Large Decl.")).

   b. Defendant KPM Carolinas LLC is not a separate legal entity. Instead KPM Carolinas LLC is a trade name for KPM LLC. (Large Decl., ¶ 4).

   c. Defendant Kotarides Holdings LLC is a limited liability company organized under the laws of the state of Virginia. The members of Kotarides Holdings LLC are all residents of Virginia. (Large Decl., ¶ 5).

   d. Defendant Hillandale North LLC is a limited liability company organized under the laws of the state of Virginia. The members of Hillandale North LLC are all residents of Virginia. (Large Decl., ¶ 6).

   e. Defendant 2052 LLC is a limited liability company organized under the laws of the state of Virginia and owns an apartment community called Clairmont at Perry Creek. The sole member of 2052 LLC is Kotarides Holdings LLC. (Large Decl., ¶ 7).

   f. Defendant 1752 LLC is a limited liability company organized under the laws of the state of Virginia and owns an apartment community called Clairmont at Perry Creek . The sole member of 1752 LLC is Kotarides G1 LLC. The members of Kotarides G1 LLC are all residents of Virginia. (Large Decl., ¶ 8).

9. Plaintiffs seek statutory damages up to $4,000 per violation. (Complaint ¶ 147).

10. Further, Plaintiffs seek treble damages under N.C. Gen. Stat. 75-1.1., et seq. (Complaint ¶ 156). Treble damages should be considered when evaluating the jurisdictional amount. *Fox v. Aflac Inc.*, No. 1:11CV177, 2011 WL 3897796, at *2 (W.D.N.C. Sept. 6, 2011); *Wall v. Fruehauf Trailer Services, Inc.,* 123 F.App'x. 572, 577 (4th Cir.2005) (trebling damages would increase amount in controversy to in excess of $75,000.00 and thus the amount in controversy requirement was met); *R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc.,* 23 F.App'x. 141, 145 n. 3 (4th Cir.2001)("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [plaintiff] under the [Unfair Trade Practices Act.]") (citations omitted); *Mozingo v. Orkin, Inc.,* 2011 WL 845896 (E.D.N.C. 2011) (noting that trebled damages for unfair trade practice would meet threshold except that claim had been dismissed).

11. Plaintiff Kenneth Hampton was sent thirteen (13) notices that contained language advising Mr. Hampton that if legal proceedings were filed, he would be charged applicable court costs and attorney fees. Declaration of Crystal Crosby, ¶ 2, attached hereto as <u>Exhibit D</u>. ("Crosby Decl."). Accordingly, Hampton's individual claim for statutory damages is for 13 violations at $4,000 per violation, which is $52,000. Plaintiff is also alleged to have suffered actual damages "in excess of $25,000." (Complaint ¶ 148; Prayer for Relief ¶11) Trebling this amount would result in an additional claim of at least $75,000. When taken together it is clear that Plaintiff Hampton's total claim is well in excess of the $75,000 jurisdictional amount, before interest and costs.

12. Plaintiff Gabrielle Harris was sent eleven (11) notices that contained language advising Ms. Harris that if legal proceedings were filed, she would be charged applicable court costs and attorney fees. (Crosby Decl., ¶ 3). Accordingly, Harris' individual claim is for 11

violations at $4,000 per violation, which is $44,000. Plaintiff is also alleged to have suffered actual damages "in excess of $25,000." (Complaint ¶ 148; Prayer for Relief ¶ 11). Trebling this amount would result in an additional claim of at least $75,000. When taken together, it is clear that Plaintiff Harris' total claim is well in excess of the $75,000 jurisdictional amount, before interest and costs.

13. Plaintiff Alisa Brogden was sent eight (8) notices that contained language advising Ms. Brogden that if legal proceedings were filed, she would be charged applicable court costs and attorney fees. (Crosby Decl., ¶ 4). Accordingly, Brogden's statutory claim is for 8 violations at $4,000 per violation, which is $32,000. Plaintiff is also alleged to have suffered actual damages "in excess of $25,000." (Complaint ¶ 148; Prayer for Relief ¶ 11). Trebling this amount would result in an additional claim of at least $75,000. When taken together it is clear that Plaintiff Brogden's total claim is well in excess of the $75,000 jurisdictional amount, before interest and costs.

14. Plaintiffs have also alleged that each letter to a tenant which references court costs or attorneys' fees is an unfair and deceptive trade practice. (Complaint ¶¶ 138-146). Plaintiffs seek a statutory penalty of up to $4,000.00 per violation for every class member. (Complaint ¶ 147). Given the thousands of individuals that have executed leases with Defendants, and the fact that many, like the named Plaintiffs, received multiple communications, the total amount in controversy clearly exceeds five million dollars ($5,000,000). (Crosby Decl., ¶ 5(Crosby Decl., ¶ 3).). Accordingly, this Court has original jurisdiction under 28 U.S.C. §1332(d) and removal is proper.

15. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorney of record in the State Court Action and to the

5

Clerk of Superior Court for Wake County, North Carolina, as required by 28 U.S.C. § 1446(d). A copy of the State Court Notice of Filing Notice of Removal is attached hereto as Exhibit E.

16. By filing this Notice of Removal, Defendants do not waive and hereby expressly reserve the right to assert any defense available to them.

WHEREFORE, Defendants respectfully give notice of the removal of this action to this Court.

This the 12th day of October, 2018.

/s/ Mark P. Henriques
Mark P. Henriques (N.C. Bar No. 18701)
Jackson R. Price (N.C. Bar No. 43141)
WOMBLE BOND DICKINSON (US) LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6025
Telephone: (704) 331-4912
Fax: (704) 338-7830
E-mail: Mark.Henriques@wbd-us.com
E-mail: Jackson.Price@wbd-us.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12th 2018, the foregoing **Notice of Removal** was served on opposing counsel by US Mail addressed as follows:

Scott C. Harris
Patrick M. Wallace
Whitefield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC  27603
E-mail: scott@wbmllp.com
E-mail: pat@wbmllp.com

*Counsel for Plaintiffs and the proposed Classes*

Edward H. Maginnis
Karl S. Gwaltney
Maginnis Law, PLLC
4801 Glenwood Avenue, Suite 310
Raleigh, NC  27612
E-mail: emaginnis@maginnislaw.com
E-mail: kgwaltney@maginnislaw.com

*Counsel for Plaintiffs and the proposed Classes*

Jennifer Knox, Clerk of Court
Wake County Courthouse
P.O. Box 351
Raleigh, NC  27602


*/s/ Mark P. Henriques*
Mark P. Henriques
(N.C. Bar No. 18701)