FILED IN OPEN COURT
ON 5/14/21 mms
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

N THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:18-cv-485-D

KENNETH HAMPTON,
GABRIELLE HARRIS, and ALISA
BROGDEN,
    Plaintiff,

v.

KPM LLC, HILLANDALE NORTH
LLC, 2052 LLC d/b/a CLAIRMONT
AT BRIER CREEK, 1752 LLC d/b/a
CLAIRMONT AT PERRY CREEK,

    Defendants.

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs Kenneth Hampton, Gabrielle Harris, and Alisa Brogden's unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of service awards. Having considered the written submissions and after hearing oral argument at the fairness hearings on May 3, 2021, the Court hereby grants Plaintiffs' unopposed motion for final approval of the parties' settlement ([DE 69-1]) and grants Class Counsel's fee application and request for service awards to the Class Representatives. The grounds supporting these rulings follow.

## BACKGROUND

1.  This class action was originally filed in the General Court of Justice, Superior Court Division, County of Wake, North Carolina filed by Plaintiff Kenneth Hampton, Gabrielle Harris, and Alisa Brogden against Defendants KPM LLC, Hillandale North LLC, 2052 LLC d/b/a Clairmont at Brier Creek, 1752 LLC d/b/a Clairmont at Perry Creek. Plaintiffs alleged that Defendants unlawfully charged eviction-related fees and unlawfully threatened to charge eviction-related fees. Plaintiffs sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act.

2.  Defendants filed a Notice of Removal and the case was removed to this Court [DE 1].

3.  Defendants answered the complaint ([DE 30]), denied any and all wrongdoing of any kind whatsoever, and moved for judgment on the pleadings ([DE 40]), arguing that their charging of eviction-related fees was lawful. This Court granted Defendants' motion for judgment on the pleadings [DE 59, 60].

4.  Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. [DE 61]. While the appeal was pending, the parties conducted a mediation session with Frank Laney, Esq., a Fourth Circuit mediator. Thereafter, the parties reached a settlement now before the Court on final approval.

2

5.  In Order dated December 28, 2020, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the Settlement Classes. [DE 70]. Pursuant to the plan approved by the Court, notice was disseminated to the classes. As of May 3, 2021, no Settlement Class members have opted out of the settlement and no Settlement Class Member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service awards to the class representatives. The deadline to opt out or object to the settlement was April 11, 2021.

## SETTLEMENT TERMS

6.  In broad brush, the Settlement Agreement establishes a settlement fund of $250,000, and provides for non-monetary relief. Each Settlement Class member is a member of one or two classes. The Collection Letter Class is defined as "all natural persons, at any point between July 20, 2014 and June 25, 2018 (the "Class Period"), resided in any of the Defendants' properties in North Carolina (the "Defendants' Properties") and received a written communication from the Defendants or their affiliates threatening to charge Eviction Fees or claiming that such Eviction Fees were then owed." The Eviction Fee Class is defined as "all natural persons who, during the Class Period: (a) resided in any of the Defendants' Properties; (b) was charged Eviction Fees by the Defendants or their affiliates; and (c) actually paid such Eviction Fees."

3

7. Collection Letter Class members may obtain $25 per letter sent to them by Defendants up to $75. Eviction Fee Class members were eligible to file claims to receive an estimated $519. Eviction Fee Class members may also be Collection Letter Class members and file claims for such benefits.

8. Under the settlement, all costs of notice and claims administration have been paid by Defendants out of the settlement fund. Court-approved fees and expenses for Class Counsel and service awards for the Class Representatives will be paid by Defendants out of the settlement fund.

9. In addition, Settlement Class members were eligible to request non-monetary relief in the form of a *Consent Motion to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5) and Stipulation of Dismissal*. The consent motion allows Settlement Class members to set aside judgments entered against them by Defendants for possession of the rental property; however, Settlement Class members have the obligation of filing the motion.

## APPROVAL OF CLASS NOTICE

10. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the

best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

11. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

12. The Court recognizes that no Settlement Class members objected to the settlement. No Settlement Class members have chosen to opt-out of the settlement and have filed a valid and timely request for exclusion.

13. In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASSES

14. The Court hereby certifies the Collection Letter Class and the Eviction Fee Class. The Collection Letter Class is defined as "all natural persons, at any point between July 20, 2014 and June 25, 2018 (the "Class Period"), resided in any of the

Defendants' properties in North Carolina (the "Defendants' Properties") and received a written communication from the Defendants or their affiliates threatening to charge Eviction Fees or claiming that such Eviction Fees were then owed" The Eviction Fee Class is defined as "all natural persons who, during the Class Period: (a) resided in any of the Defendants' Properties; (b) was charged Eviction Fees by the Defendants or their affiliates; and (c) actually paid such Eviction Fees."

15. Excluded from the Settlement Classes are (a) the KPM Releasees and any of their respective officers, directors, and employees; (b) any person who filed, before Final Approval, any bankruptcy proceeding; (c) any individuals who properly opt-out of the Settlement Classes pursuant to the procedures described herein; (d) the district judge presiding over this case and the judges of the United States Court of Appeals for the Fourth Circuit; (e) the spouses of those in category (d); (f) any person within the third degree of relationship of those individuals in categories (d) or (e); and (g) the spouses of those individuals within category (f).

16. Based on the record before the Court, the Court hereby finds that the Plaintiffs are adequate representatives of the Settlement Classes. In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the

Settlement Classes; the claims of the Class Representatives are typical of the claims of the absent Settlement Class members; the Class Representatives and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

17. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

18. The Court finally appoints Scott C. Harris and Patrick M. Wallace of Whitfield Bryson LLP, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Law, PLLC, as Class counsel. The Court appoints Kenneth Hampton, Gabrielle Harris, and Alisa Brogden as Class Representatives.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

19. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud. Instead, the amount of attorneys' fees to be paid by Defendants was proposed after the other terms of the settlement had been agreed upon.

20. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit. *See Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) ("This Court, too, is persuaded that the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) ("On the question of attorneys fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery.")

21. This fee represents one third (1/3) of the total benefit to the Settlement Classes. In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and

8

client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

22. Class Counsel have provided declarations specifying that they have incurred $1,669.07 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses, in addition to the $82,500 fee award.

## SERVICE AWARD

23. The Settlement Agreement provides that Defendant, subject to Court approval, will pay $2,500 each to Kenneth Hampton, Gabrielle Harris, and Alisa Brogden (total of $7,500) for their service as Class Representatives. The Court finds that payment of the service awards are appropriate in this case in light of their work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service awards. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

24. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be equally divided and disbursed to

the approved *cy pres* recipient: Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

A judgment will be entered contemporaneously with this Order.

SO ORDERED, this the __14__ day of May, 2021.

                                                            James C. Dever III
                                                          United States District Judge